**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

**v.**                                        **Criminal Action No..: 1:17-CR-32
(JUDGE KEELEY)**

**TERRY THOMAS,**

                **Defendant**.

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge for the purpose of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. (ECF No. 1466). On October 11, 2019, came the United States of America ("the Government") by its counsel, Zelda Wesley, Assistant United States Attorney, and also came Defendant in person and by counsel, Andrew Arnold, for a change of plea hearing. After placing Defendant under oath, the Court informed Defendant that if he gave false answers to the Court's questions, his answers may later be used against him in a prosecution for perjury or false statement and increase his sentence in this case.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant

tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The parties represent to the Court that there is no plea agreement in this case. Defendant stated in open court that he fully understood he was pleading guilty to Counts One, Two, Ten, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty-One, Twenty-Two, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-One, Thirty-Two, Thirty-Six, Thirty-Eight, Forty, Forty-Two, Forty-Six, Fifty, Fifty-Two, Fifty-Six, Fifty-Eight, Sixty, Sixty-Four, Eighty-One, Eighty-Three, Eighty-Five, Ninety-One, and Ninety-Two of the Superseding Indictment and that no other agreements had been made between himself and the Government. However, the Government did note on the record that it would support a three-level reduction for timely acceptance of responsibility, a sentence at the lower end of the guidelines, and that the total relevant drug conduct would be between 1,000 kg to 3,000 kg of converted drug weight. The

Government also noted that there Defendant was offered a plea agreement, however, the agreement was rejected by Defendant after communicating with his attorney.

The Court confirmed that Defendant had received and reviewed with his attorney the Superseding Indictment in this matter. Defendant waived reading of the Superseding Indictment in open court. The Court then reviewed with Defendant all of the counts that Defendant Terry Thomas was named in in the Superseding Indictment, including the elements of the crime the United States would have to prove at trial. However, before Defendant's plea can be accepted, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's pleas.

The Court heard the testimony of Officer Mark Trump, Monongalia County Task Force Officer, and Don Boykin, IRS Special Agent, who provided a factual basis for this plea. Neither counsel for Defendant nor Defendant had any questions for the witnesses. Defendant stated he heard, understood, and did not disagree with the testimony of the Government's witnesses. Additionally, Defendant provided a factual basis for the commission of the offenses. The undersigned Magistrate Judge concludes the offenses charged in all of the counts that Defendant is named in in the Superseding Indictment is supported by an independent basis in fact concerning each of the essential elements of such offenses, and that independent basis is provided by the Government's testimony.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in all of the counts against Defendant named in the Superseding Indictment and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined

Defendant understood the nature of the charges pending against his and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was imprisonment of not more than twenty (20) years. The undersigned further determined Defendant understood a fine of not more than $500,000 could be imposed, both fine and imprisonment could be imposed, he would be subject to a period of at least three (3) years of supervised release. The undersigned informed Defendant of the maximum penalties which could be imposed upon his conviction or adjudication of guilty to Counts One, Ten, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty-One, Twenty-Two, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-One, Thirty-Two, Thirty-Six, Thirty-Eight, Forty, Forty-Two, Forty-Six, Fifty, Fifty-Two, Fifty-Six, Fifty-Eight, Sixty, Sixty-Four, Eighty-One, Eighty-Three, Eighty-Five, Ninety-One, and Ninety-Two, which is imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000, and a term of supervised release of at least three years. The Court then informed Defendant that the sentencing court would impose a special mandatory assessment of $100.00 for each felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The undersigned also informed Defendant whether he understood that by pleading guilty he was forfeiting other rights such as right to vote, right to serve on a jury, and the right to legally possess a firearm.

The Court informed Defendant that the Sentencing Guidelines are merely advisory. However, under the Sentencing Reform Act of 1984, certain Sentencing Guidelines could be used in determining a sentence in this case.  Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney and that he understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report. The Court also noted that if the sentence ultimately imposed was more severe than that expected, Defendant would not have the right to withdraw the pleas of guilty.

The Court reviewed with Defendant all of the rights that are forfeited by tendering his pleas of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers.  The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt.  The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty. Defendant and his counsel stated that Defendant understood all of the consequences of pleading guilty. Defendant was also advised of his appellate rights.

Defendant stated that the pleas were not a result of any threat, coercion, or harassment and that the pleas were not the result of any promises. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found an adequate defense to the charge contained in all of the counts that Defendant was named in in the Superseding Indictment.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the pre-sentence report.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant then entered a plea of **GUILTY** to Counts One, Two, Ten, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty-One, Twenty-Two, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-One, Thirty-Two, Thirty-Six, Thirty-Eight, Forty, Forty-Two,

Forty-Six, Fifty, Fifty-Two, Fifty-Six, Fifty-Eight, Sixty, Sixty-Four, Eighty-One, Eighty-Three, Eighty-Five, Ninety-One, and Ninety-Two in the Superseding Indictment and stated that he was in fact guilty of the crimes charged in those charges.

Based upon Defendant's statements and the Government witnesses' testimony, the Court finds that the pleas are freely and voluntarily given, that Defendant is aware of the nature of the charges against him and the consequences of his plea, and that a factual basis exists for the tendered plea. The Court deferred adjudicating Defendant guilty of all of the charges Defendant is named in contained in the Superseding  Indictment to the sentencing court.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Counts One, Two, Ten, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty-One, Twenty-Two, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-One, Thirty-Two, Thirty-Six, Thirty-Eight, Forty, Forty-Two, Forty-Six, Fifty, Fifty-Two, Fifty-Six, Fifty-Eight, Sixty, Sixty-Four, Eighty-One, Eighty-Three, Eighty-Five, Ninety-One, and Ninety-Two of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned informed the parties that the Probation Office would undertake a presentence investigation of Defendant and prepare a presentence report for the Court; Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines, it is hereby **ORDERED** that:

1. The matter will be set for sentencing following receipt of the presentence report and addendum containing any unresolved objections and the probation officer's comments on them;

2. Defendant is **REMANDED to the custody of the United States Marshals Service pending sentencing**.

**IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.**

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: October 11, 2019.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE